AMANDA HAWTHORN, *et al.*, *vs.* ROBERT SAYERS and SARAH M. SAYERS, SAMUEL H. ETHEREDGE and *Ter. Ten.*

New Castle County, February Term, 1894.

**Execution. Sale. Mortgage. Notice.**—The statute requires notice of the sale of land by the Sheriff, in execution of a mortgage, to be served upon each defendant, including the mortgagor, who had sold the land, and had no interest in the proceedings, the price at which the land was sold being in excess of the mortgage debt, interest and costs.

**Same.**—In such case the failure to give notice cannot be cured by a waiver after the sale, and the sale will be set aside.

**Mortgage. Scire Facias.**—A mortgagor who has sold the equity of redemption is a necessary party to a *scire facias* on the mortgage.

This was an application to set aside a sheriff's sale upon the ground that the sheriff did not give notice of the sale to the defendant, Sayers.

At the hearing of the rule it appeared that the plaintiff Hawthorn, held a mortgage on land then owned by Sayers, who sold it to Etheredge, subject to the lien of the mortgage. Afterwards Hawthorn proceeded to enforce the mortgage by *scire facias*, and having obtained judgment against Sayers and Etheredge caused a *levari facias* to be issued thereon. The sheriff advertised and sold the property under this writ, but failed to give Sayer notice of the sale. The latter being a witness at the hearing testified that so far as he was concerned he waived the want of notice and had no objection to the confirmation of the sale, as the price brought was sufficient to relieve him of the debt.

*Emmons*, for the defendant in the execution, contended that the notice must be served on the defendant, Sayers, and that he could not waive it after the sale ; Rev. Code 836. This was clearly the intent of the statute, 15 Del. Laws 618, and such statutes must be strictly complied with. *Burton vs. Wolf*, 4 Harring. 221 ; *Wolf vs. Heathers*, *id.* 325 ; *Reed vs. Fiddeman*, 2 Houst. 408.

*Whiteman,* contended that the sale should not be set aside. A mortgagor who has conveyed mortgaged premises is not a necessary party to the foreclosure suit in which no personal judgment against him is demanded. Story, Eq. Pl. § 197 ; Wiltise, Mort. Foreclosure § 118 ; 2 Jones, Mortg. § 1402, 1404 ; 2 Hilliard, Mortg. § 25 ; *Bennett vs. Mattingly,* 110 Ind. 197 ; *Stevens vs. Campbell,* 21 *id.* 471 ; *Petry vs Ambrosher,* 100 *id.* 510 ; *Bigelow vs. Bush,* 6 Paige 343 ; *Root et al. vs. Wright et al.,* 21 Hun 344 ; *Van Nest vs. Lobson,* 19 Barb. 604 ; *Swift vs. Edson,* 5 Conn. 531 ; *Andrews vs. Steele,* 22 N. J. Eq. 478 ; *Delaplaine vs. Lewis.* 19 Wis. [475.]

This being the equitable doctrine, the same principle should govern in a *scire facias* where there is no positive law to the contrary.

The assignee of the equity of redemption has no right to object that the original mortgagor is not a party to the suit ; Wiltsie, Mortg. Foreclosure 138 ; *Bigelow vs Bush,* 6 Paige 345 , *Brown vs. Scott,* 51 Pa. 364.

The statute relied on refers to a defendant who has a substantial interest, and as the proceeding is substantially *in rem,* there is no reason for notice to one who has conveyed his equity. The method of delivering notice contemplates the terre-tenant because of the privity of contract between the tenant in possession and the owner of the fee. This construction is the only reasonable one and is borne out by the provision for constructive notice by leaving it at the mansion house or other public place on the premises where there is no tenant and the defendant resides out of the State.

This construction of the term defendant is further supported by Rev. Code Ch. 111, § 60, that " Any overplus of the proceeds * * * shall be rendered to the debtor, or defendant."

LORE, C. J., delivered the opinion of the Court.

The question raised in the argument of the counsel for the defendant in this case has been passed upon before by this Court under precisely similar circumstances and the rule was there made absolute ; and we think there has been no special reason shown why that de-

cision should be reversed. It is therefore the opinion of a majority of the Court that the rule in this case ought to be made absolute.

The statute unquestionably makes it necessary to make the mortgagor a defendant, and suit cannot be brought unless he is made a defendant. The statute provides that notice shall be given, and advertisement left, at least ten days before the date, with the party defendant, if he resides in the county, if not, then, as provided otherwise. That provision of the statute has not been complied with. On careful consideration of the statute we cannot see why he should be ignored. He is made a necessary defendant. The language being a defendant, not specifying any particular defendant, we should have constant trouble in deciding whether a man having a special interest has made the application within the construction contended for. But if the sheriff knows he is a defendant, he knows precisely who he is to serve and there can be no question. It would avoid in that way the difficulty of deciding who should or who should not be served in a notice.

We think therefore that the rule should be made absolute, and the sale set aside.